NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—October, 1887.

LORILLARD *v.* PEOPLE.

*In the matter of the estate of* CATHARINE L. WOLFE,
*deceased.*

No "collateral inheritance tax" is payable upon the passing of real prop-
erty, situated without the State of New York, under a devise contained
in the will of a resident.

ASSESSMENT of tax upon interests of legatee and
devisee under decedent's will.

PLATT & BOWERS, *for L. L. Lorillard.*

THE SURROGATE.—The testatrix was, at the time of
her death, a resident of the city of New York.
Among the provisions of her will, are a devise to
Louis L. Lorillard of certain real estate in the city
of Newport, in the State of Rhode Island, and be-
quests to the same legatee of certain personal property,
including a legacy of $250,000 in money.  A question
has arisen, as to whether the passing of this property
by virtue of the decedent's will is taxable under our
so-called Collateral Inheritance law (chap. 483, Laws
1885).  I find no reason for doubting that the afore-
said legacies of personalty are liable to the tax in
question, and that the devise of realty is not.

The provisions of the statute under consideration
are, in substance, the same as those of the Collateral

Inheritance law of Pennsylvania. Upon grounds which seem to me to be well-founded, the courts of that State have frequently upheld the contention made in behalf of this devisee (Hood's Estate, 21 *Penn. St.*, 106; Commonwealth v. Coleman, 52 *id.*, 468; Drayton's Appeal, 61 *id.*, 172; Miller v. Commonwealth, 111 *id.*, 321).